UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM THUNDER HORSE, | ) | Civ.  06-5035 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, William Thunder Horse, sued the United States of America (the "Government")

pursuant to the Federal Torts Claim Act, 28 U.S.C. § 2671, et seq., alleging that he suffered pain

and complications stemming from his hospitalization at the Indian Health Services Hospital in

Pine Ridge, South Dakota.  Pending before the Court is a motion to dismiss [doc. #9] filed by the

Government pursuant to Fed. R. Civ. P. 12(b)(1), or alternatively, 12(b)(6).  The Government's

motion is denied.

**BACKGROUND**

On March 7, 2002, Thunder Horse went to the Indian Health Services Hospital in Pine

Ridge, suffering from abdominal pain.  Complaint [doc. #1] ¶ 6.  Thunder Horse was in the

emergency room from 8 p.m. until 1:50 a.m. the following morning when he was finally admitted

to the hospital.  Id.  On March 9, 2002, Thunder Horse was transferred to Rapid City Regional

Hospital in Rapid City.  Id.  Thunder Horse was diagnosed with a ruptured appendix and necrosis

while at Rapid City Regional Hospital and laproscopic surgery was attempted on March 9, 2002.

Id. ¶ 7.  Thunder Horse's surgery was complicated by extensive inflamation and necrosis.  Id.

Thunder Horse concedes that he did well after this surgery but claims that his condition declined on or about March 14, 2002, and that he was scheduled for surgery on March 15, 2002, as a result of recurrent peritonitis.  Id. ¶ 8.  Thunder Horse was discharged from Rapid City Regional Hospital on March 27, 2002, but was readmitted later the same day to the Indian Health Services Hospital in Pine Ridge for wound care.  Id. ¶ 9.  Thunder Horse ultimately was discharged on April 1, 2002, after a total of twenty-five days of hospitalization.  Id.

Thunder Horse alleges that the pain and suffering, and complications he experienced were the proximate result of the acts and omissions of the Indian Health Services Hospital during his care and treatment.  Id. ¶ 10.  Thunder Horse alleges that his initial appendectomy should have been a simple surgery and that he suffered pain and suffering through the negligence of the Indian Health Service, an agency of the United States of America.  Id. ¶ 11.  Thunder Horse claims that the negligence of the Indian Health Service included: failure to properly examine Thunder Horse when he initially entered the hospital on March 7, 2002; failure to perform or properly interpret diagnostic tests and procedures; failure to diagnose the appendicitis; failure to refer Thunder Horse to surgery before his appendix burst; and failure to provide Thunder Horse with competent medical care.  Id.  Thunder Horse also claims that this negligence caused him pain, suffering, mental anguish, physical injury, loss of income, medical expenses, impairment of earning capacity, and diminution of the quality of life.  Id. ¶ 13.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) will be granted in cases where the court finds it lacks subject matter jurisdiction over plaintiff's claims.  The court may look at matters outside the pleadings on a motion to dismiss under Rule 12(b)(1).

Osborn v. United States, 918 F.2d 724, 728 n.4 (8th Cir. 1990).  Whether they involve questions

of law or fact, jurisdictional issues are for the court to decide.  Id. at 729.  Unlike a Rule 12(b)(6)

motion, "no presumptive truthfulness attaches to the plaintiff's allegations and the existence of

disputed material facts will not preclude the trial court from evaluating for itself the merits of

jurisdictional claims."  Id. at 730.  The plaintiff has the burden of proof to show that the court has

jurisdiction.  Id.

A motion to dismiss for a failure to state a claim upon which relief can be granted

pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to review only the

pleadings to determine whether they state a claim upon which relief can be granted.  In

considering a motion to dismiss, the court assumes that all facts alleged in the complaint are true,

construes the complaint liberally in the light most favorable to the plaintiff, and grants dismissal

only if "it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle

the plaintiff to relief."  Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).  "The issue is not

whether a claimant will ultimately prevail but whether the claimant is entitled to offer evidence

to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very

remote and unlikely but that is not the test."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),

overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 191 (1984).

## DISCUSSION

### 1.    Subject Matter Jurisdiction—12(b)(1)

In its motion to dismiss, the Government urges the Court to consider facts from outside

the pleadings to determine its jurisdiction, and notes that doing so does not convert the Rule

12(b)(1) motion into a motion for summary judgment.  The Government is correct that the Court

may look to evidence outside the pleadings when it decides a motion pursuant to rule 12(b)(1), when the jurisdictional attack is a factual attack and not a facial attack.  Osborn, 918 F.2d at 729 n.6.  While the evidence that the Government has presented may show that the Dr. Samuel Oltunbosum, Dr. Jose Laranzo, Dr. David Esmail, and Dr. Shelbourne Wilson are independent contractors and, therefore, their actions in this matter fall outside what is covered by the Federal Tort Claims Act, this evidence does not go so far as to foreclose the possibility that the actions of some employee of the Government in relation to the allegations in Thunder Horse's Complaint could vest this Court with jurisdiction.  In his claim, Thunder Horse contends that not only the physicians, but the "medical staff, agents, employees and facilities" of the United States owed him a duty of care.  Thunder Horse contends that his injuries arose not only from the actions of the four doctors, but possibly from the negligence of other employees of the Indian Health Service Hospital.  Indeed, Thunder Horse does not specifically mention any of the four doctors or any other person in his Complaint.  While the Government's evidence may prove to be detrimental to Thunder Horse's claim at a later stage of litigation, it does not eliminate every possibility of negligence contemplated by Thunder Horse's vague Complaint.  Thus, despite having considered the evidence outside the pleadings that the Government has offered, the Court concludes that dismissal pursuant to Rule 12(b)(1) is not proper in this case.

2.      **Failure to State a Claim Upon Which Relief Can be Granted—12(b)(6)**

While the Government cites Rule 12(b)(6) in its motion to dismiss and its supporting memorandum, it does not elaborate at all as to why such a dismissal would be proper.  In fact, the only reference to Rule 12(b)(6) in the Government's memorandum is on page four, when it cites Carney v. Houston, 33 F.3d 893 (8th Cir. 1994), to prove the existence of the rule and that it

allows for dismissal when it appears that Thunder Horse can prove no set of facts that would

entitle him to relief.  The Court, however, concludes that Thunder Horse's Complaint does

support some set of facts that could entitle him to relief.

Again, in considering a motion to dismiss pursuant to Rule 12(b)(6), the Court assumes

that all facts alleged in the Complaint are true and construes the Complaint liberally.  Also, the

Court dismisses only if "it appears beyond a doubt that the plaintiff can prove no set of facts

which would entitle the plaintiff to relief."  Coleman, 40 F.3d at 258.  The issue is not whether

Thunder Horse will prevail, but whether he is entitled to offer evidence to support his Claim,

regardless of whether it appears from the face of the pleadings that recovery is unlikely.  See

Scheuer, 416 U.S. at 236.  It does not appear beyond a doubt that Thunder Horse can prove no set

of facts that could entitle him to relief.  For example, a policy or protocol of the Indian Health

Service Hospital could have possibly resulted in Thunder Horse's injuries, regardless of the

actions of a particular employee or contractor.  Such a policy or protocol could have prevented

Thunder Horse from being transferred to Rapid City Regional Hospital when he should have

been, or could have otherwise affected his care.  It is possible that the negligence of the Indian

Health Service could have resulted in an injury to Thunder Horse that could entitle him to relief.

Therefore, the Court concludes that dismissal pursuant to Rule 12(b)(6) is not proper.

3.      **Conversion to Summary Judgment**

Both parties have engaged in a confusing debate regarding the possibility that the

Government's Rule 12(b)(6) motion should be converted into a motion for summary judgment

and what the consequences of such a conversion would be.  The Government correctly argues in

its memorandum in support of dismissal that evidence from outside the pleadings does not

5

convert a Rule 12(b)(1) motion into a motion for summary judgment.  Thunder Horse argues that

when the court looks outside the pleadings, a motion to dismiss is converted to a motion for

summary judgment.

  While evidence from outside the pleadings does not convert a Rule 12(b)(1) motion to

dismiss to a motion for summary judgment, a Rule 12(b)(6) motion is converted to a motion for

summary judgment if evidence is present from outside the pleadings and if the Court <u>does not</u>

<u>exclude</u> such evidence.  Fed. R. Civ. P. 12(b).  Here, the evidence that is offered from outside the

pleadings apparently is presented in conjunction with the Government's motion pursuant to Rule

12(b)(1), not Rule 12(b)(6).  This evidence, concerning the doctors at the Indian Health Service

Hospital at Pine Ridge, although unclear to the Court, presumably is offered to show that the

doctors are contractors and not subject to the Federal Tort Claims Act, which is presented as an

attack upon jurisdiction and not upon Thunder Horse's failure to state a claim for which relief

can be granted.  Thus, the Court concludes that evidence from outside the pleadings was not

presented in relation to the Government's motion to dismiss pursuant to Rule 12(b)(6), assuming

a motion was made at all.  As such, the provisions in Rule 12(b) regarding conversion to a

motion for summary judgment have not been triggered.

  If, however, the Government is presenting evidence from outside the pleadings regarding

a motion for failure to state a claim pursuant to Rule 12(b)(6), such a motion would only be

converted to a motion for summary judgment if such evidence is not excluded by the Court.  Fed.

R. Civ. P. 12(b).  Given the lack of clarity of the materials before the Court related to the instant

motion, the Court will exclude such evidence from outside the pleadings insofar as it is offered

on a motion pursuant to Rule 12(b)(6).  Therefore, none of the Government's potential motions

to dismiss are converted into motions for summary judgment.  Accordingly, it is hereby

ORDERED that Government's motion to dismiss [doc. #9] is DENIED.

Dated this 27th day of February, 2007.

BY THE COURT:

/s/ Andrew W. Bogue

ANDREW W. BOGUE
SENIOR DISTRICT JUDGE